JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Patrick Green

**(b)** County of Residence of First Listed Plaintiff: **Pennsylvania**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Prince Holloway, Esquire/Brock Atkins, Esquire
500 Cottman Avenue, Cheltenham, PA 19012

## DEFENDANTS
Delaware County Prison, et al.

County of Residence of First Listed Defendant: **Pennsylvania**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[x] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[x] 360 Other Personal Injury

## V. ORIGIN
[x] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983
Brief description of cause:
1983 Claims - amount in controversy exceeds $75,000

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 2/18/2026
SIGNATURE OF ATTORNEY OF RECORD: /s/ Brock Atkins

**FOR OFFICE USE ONLY**

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Delaware County Prison, Tharton, PA  19373_

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief *see certification below*
16. ☒ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify)*: _assault_
7. Products Liability
8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PATRICK GREEN**
7325 Meadow Lark Place
Philadelphia, PA 19153
               Plaintiff
   v.

: Civil Action No.

**DELAWARE COUNTY PRISON**
George Hill Correctional Facility
500 Cheyney Rd.
Thornton, PA 19373

: **JURY TRIAL OF TWELVE (12)**
: **JURORS DEMANDED**

and

**LISA MASTRODDI**
Individually and in her official capacity as
Deputy Warden
500 Cheyney Rd
Thornton, PA 19373

and

**JOHN SHUTER**
Individually as Head of Maintenance
Department
500 Cheyney Rd
Thornton, PA 19373

and

**JOSEPH MCCREARY**
Individually as Head of Maintenance
Department
500 Cheyney Rd
Thornton, PA 19373

and

**CAPTAIN PLATT,**
Individually as a Correctional Officer
500 Cheyney Rd.
Thornton, PA 19373

and

**LIEUTENANT MOODY**
Individually as a Correctional Officer
500 Cheyney Rd.
Thornton, PA 19373

and

**LIEUTENANT JONESY**
Individually as a Correctional Officer
500 Cheyney Rd.
Thornton, PA 19373
and

**MAJOR LEECH**
Individually as a Correctional Officer
500 Cheyney Rd.
Thornton, PA 19373

and

**CORRECTIONAL OFFICER GAWAY**
Individually as a Correctional Officer
500 Cheyney Rd.
Thornton, PA 19373

**Defendants.**

## COMPLAINT

## PARTIES

1. Plaintiff, Patrick Green, is an adult male, currently residing at 7325 Meadow Lark Place, Philadelphia, PA 19153. At all times material, Plaintiff was incarcerated at George W. Hill Correctional Facility. Plaintiff was a pretrial detainee while incarcerated at George Hill. Plaintiff was not imprisoned at George W. Hill Correctional Facility at the time this matter was initiated.

2. Defendant, Delaware County Prison ("DCP"), is an entity or political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania, and at all relevant times owned, operated, managed, maintained, and was otherwise responsible for the pretrial detainees at George Hill, including Plaintiff.

3. At all relevant times, DCP acted or failed to act through its employees, agents, servants, and/or contactors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract, including but not limited to the individually named defendants.

4. At all relevant times, DCP was charged with housing, supervising, and caring for the pretrial detainees at DCP and they delegated their constitutional duty of providing housing and care to the pretrial detainees, such as Plaintiff.

5. At all relevant times, DCP was charged with maintaining DCP, including ensuring that the jail cells were habitable and safe.

6. Defendant, Deputy Warden Lisa Mastroddi ("Mastroddi"), is an adult individual who, at all times material herein, acted individually as Deputy Warden at George W. Hill Correctional Facility and the director of the Maintenance Department.

7. Defendant, John Shuter, ("Shuter"), is an adult individual who, at all times material herein, acted individually as Head of Maintenance at George W. Hill Correctional Facility.

8. Defendant, Joseph McCreary, ("McCreary"), is an adult individual who, at all times material herein, acted individually as Head of Maintenance at George W. Hill Correctional Facility.

9. Defendant, Lieutenant Moody ("Moody"), is an adult individual who, at all times material herein, acted individually as a Correctional Officer at George W. Hill Correctional Facility.

10. Defendant, Captain Platt ("Platt"), is an adult individual who, at all times material herein, acted individually as a Correctional Officer at George W. Hill Correctional Facility.

11. Defendant, Lieutenant Jonesy ("Jonesy"), is an adult individual who, at all times material herein, acted individually as a Correctional Officer at George W. Hill Correctional Facility.

12. Defendant, Major Leech ("Leech"), is an adult individual who, at all times material herein, acted individually as a Correctional Officer at George W. Hill Correctional Facility.

13. Defendant, Correctional Officer Gabay ("Gabay"), is an adult individual who, at all times material herein, acted individually as a Correctional Officer at George W. Hill Correctional Facility.

## JURISDICTION AND VENUE

14. The above paragraphs are hereby incorporated herein by reference.

15. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law.

16. Venue is proper in this district as the facts and transactions involved in the incident complained of herein occurred in large part in Delaware County, Pennsylvania.

## STATEMENT OF FACTS

17. The above paragraphs are hereby incorporated herein by reference.

18. On or about February 18, 2024, Plaintiff was an inmate at George W. Hill Correctional Facility. Plaintiff was in unit 4A, cell 110.

19. For several weeks, when Plaintiff would leave his unit with his cell door locked, he would return to his cell door being unlocked and items missing from his cell.

20. Plaintiff was aware that his cell door would not lock and/or could be opened from the outside without a key.

21. As a result of the broken door, Plaintiff felt uncomfortable and had difficulty sleeping. Plaintiff felt unsafe and frequently feared for his life.

22. Fearing for his safety and frustrated with the constant theft of his personal items, Plaintiff repeatedly submitted requests/grievances to the maintenance department for repairs to his door.

23. Additionally, frustrated and fearful, Plaintiff told almost every correctional officer about his cell door, the missing items in his cell, and his fear for his own safety. Plaintiff had conversations with Platt, Moody, Jonesy, Leech, and Gaway about the need for his cell door to be repaired.

24. Plaintiff was advised by those same defendants, identified in the preceding paragraph, to file a grievance, which he did on at least five (5) different occasions.

25. All of the above-identified correctional officers ignored and/or summarily dismissed Plaintiff's concerns.

26. Plaintiff was advised by the Defendant Correctional Officers that Shuter and McCreary were informed about the door because they are/were the head(s) of maintenance department, and that the door was going to be repaired. However, the door was never fixed.

27. Similarly, Plaintiff was also advised by the correctional officer defendants that Mastroddi was advised about the condition of the cell door and aware that it was a safety concern for Plaintiff because Mastroddi was the Deputy Warden in charge of the maintenance department.

28. On February 18, 2024, Plaintiff's fears for his safety manifested because several inmates broke into his cell as he was sleeping and attacked him.

29. These unknown inmates attacked and punched Plaintiff. He was stabbed in his face and his left eye.

30. These unknown inmates entered into Plaintiff's cell in the night because Plaintiff's cell door could not be locked and secured appropriately.

31. Upon information and belief, all Defendants knew or should have known about Plaintiff's broken door and fixed it before this horrific attack was allowed to occur.

32. Even before the horrific attack occurred, Plaintiff lived in constant fear that he was going to be attacked. He lost sleep, his appetite, and generally felt unwell resulting from the condition of his cell door.

33. To this day, Plaintiff continues to suffer pain and significant damage to his left eye. He additionally suffers from emotional harm due to the jail cell not being able to lock, fear from being attacked, fear from losing his material goods, and ultimately his actual assault at the hands of some other inmates.

34. The fact that cell doors can be unlocked from outside of the cell without a key and are unsafe is/was a well-known and well-documented problem at the George Hill Correctional Facility.

35. In fact, in April of 2022, another inmate named Lamar Marshall also had a cell door that was broken and could not lock properly. He also repeatedly complained about his cell, filed grievances, and was ignored by the correctional officers and ranking officials at the prison. Mr. Marshall's abuse was documented in a lawsuit with court term and number 22-cv-3416 filed in the Eastern District of Pennsylvania.

36. The conduct of the Defendants was part of a custom, policy and/or practice that allowed correctional officers and correctional ranking officials to summarily ignore safety concerns and pleas for help from inmates. The correctional officers involved in the failures that affected Plaintiff were neither trained, supervised or disciplined by Deputy Warden Mastroddi, who was the chief policy maker and responsible for the supervision of the correctional officers and the maintenance department. Mastroddi allowed these deplorable conditions to exist and the aforesaid customs, policies, and practices.

37. Plaintiff was not imprisoned at George W. Hill Correctional Facility at the time this matter was initiated.

### COUNT I – 8th Amendment
### FAILURE TO PROTECT
### Plaintiff v. All Individual Defendants

38. The above paragraphs are incorporated herein by reference.

39. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

40. Defendants failed to properly protect Plaintiff with a locking cell door.

41. Defendants' actions stated above, inter alia, were violations of Plaintiff's clearly established and well settled Constitutional and other legal rights.

42. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT II – 42 U.S.C. § 1983
## DUE PROCESS—INHUMAN CONDITIONS OF CONFINEMENT
## PLAINTIFF v. DELAWARE COUNTY PRISON

43. All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

44. All Defendants knew that DCP had cells where the doors could not lock and that was a danger to the inmates in those cells.

45. Consequently, Plaintiff lived in constant fear and experienced intense constant anxiety.

46. The condition of Decedent's cell was inhumane and constituted an inhumane condition of confinement.

47. Delaware County Prison was deliberately indifferent to the inhuman conditions of confinement the Plaintiff was required to endure while housed at DCP.

48. As the direct and proximate result of Delaware County Prison's deliberate indifference to the inhumane conditions of confinement Plaintiff suffered in psychological and physical pain.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT III – 42 U.S.C. § 1983
### *Monell* Claim
### PLAINTIFF v. DEPUTY WARDEN MASTRODDI AND DCP

49. All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

50. Defendants Delaware County Prison and Deputy Warden Mastroddi have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of the deliberate indifference to the safety of detainees and inmates, including Plaintiff, and of subjecting them to the same type of treatment to which Decedent was subjected, which policy violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

51. The aforementioned unconstitutional policy, custom and practice includes failing to provide adequate policies and procedures regarding the need for taking actions and instituting appropriate corrective measures when inmates and detainees express legitimate concerns for their safety, including Plaintiff, and failing to provide human conditions of confinement, which includes, but is not limited to, ensuring that all the cell doors work properly and that the inmates can be safe when they are locked in the cell from other inmates not in that cell.

52. The aforementioned unconstitutional policy, customs and practice include failing to provide adequate training of for correctional officers on how to respond to inmates legitimate concerns for their safety and how to ensure that the cells are safe for the inmates.

53. Deputy Warden Mastroddi was the policymaker and/or sanctioned these failures by both allowing these practices to continue, despite being fully aware of the harm it was causing to inmates. As fully plead throughout this complaint, it was common knowledge that many cells failed to lock and some inmates were not safe as a result, yet Mastroddi failed to institute policies and practices that rectified these failures.

54. As the direct and proximate cause of Defendants Delaware County Prison and Deputy Warden Mastroddi, Decedent's right under the Due Process Clause were violated and he suffered prolonged pain and agony.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

**STAMPONE O'BRIEN DILSHEIMER LAW**

/s/ Brock J. Atkins

PRINCE HOLLOWAY, ESQUIRE
BROCK J. ATKINS, ESQUIRE
500 Cottman Avenue,
Cheltenham, PA 19012
Attorneys for Plaintiff